REDMANN, Judge.
On a previous appeal, reported at 203 So. 2d 888, we remanded this case for a deter *438 mination of the cost of correction of defects in performance of a contract we held plaintiff had substantially performed.
From a judgment in plaintiff’s favor for the amount of the contract less the amount the trial court found it would cost to remedy defects, plaintiff appeals.
Plaintiff claims the defects were not proven, nor the cost of repair, and it should therefore have judgment for the full contract amount; and it also appeals the failure of the judgment to award attorney’s fees which our earlier opinion held were due under the parties’ contract.
We believe our earlier remand held that the contract had been only substantially performed, and thus held that there were defects to be remedied. The testimony of defendant’s expert on original trial established that standard installation practice would require a water slit or drip on wooden sills, which plaintiff’s carpenter testified he did not provide. As our previous opinion noted, Hurricane Betsy had blown the windows out, and the testimony on remand of another expert for defendant adds only that the windows evidenced having been installed with finishing nails, and he saw no holes large enough for a screw to have fit in (for the first time contradicting- the carpenter’s testimony on trial that the windows had at first been screwed in). In that expert’s opinion, from the appearances he would say the windows were improperly installed. He testified the cost of removing and properly reinstalling the windows would be $95.
Plaintiff testified he could remove and replace the six windows for a cost of $12.
The trial judge’s factual conclusions that the windows were defectively installed and remedying would cost $95 are not manifestly erroneous, even though there was contradictory testimony. He resolved the conflict by accepting the testimony of defendant’s witnesses and we simply cannot say he erred in so doing.
However, our earlier opinion directed the allowance of attorney’s fees and it was error for the judgment to omit them.
Accordingly, the judgment is amended to allow plaintiff attorney’s fees of 25 percent as ordered by our previous opinion, and as amended the judgment is affirmed.
Amended and affirmed.